IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY J. PERSAVAGE, JR., | : | |
| Petitioner, | : | 1:20-cv-1140 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN BRUCE KOVACH, | : | |
| Respondent. | : | |

### **MEMORANDUM**

### **October 6, 2020**

On July 6, 2020, Petitioner Jeffrey J. Persavage, Jr., ("Petitioner"), a state inmate presently confined at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging an order "reincarcerating [him] without credit for time erroneously spent at liberty on parole." (Doc. 1, pp. 1, 2).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined

from the petition itself. . . . " *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Preliminary review reveals that the petition is subject to summary dismissal.

## I.     BACKGROUND

Petitioner challenges a March 9, 2020 Order of the Court of Common Pleas of Northumberland County granting the Commonwealth's motion to reinstate Petitioner's Judgment of Sentence. (Doc. 1-1, p. 1). He lodges various challenges to the order, including due process violations, and requests that this Court vacate the state court's order and grant him immediate release. (Doc. 1, p. 7).

An electronic search *via* the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/DocketSheets/CP.aspx, indicates that the order Petitioner is challenging was entered in the Court of Common Pleas of Northumberland County in criminal case CP-49-CR-0888-2011. It appears from the docket that since the entry of the March 2020 order, Petitioner has filed a motion for a video hearing, motion for time credit clarification, and a "post-hearing" motion for emergency hearing. It appears from the docket that the state court has not adjudicated any of these motions.

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her

confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the electronic docket and the petition that Petitioner is in ongoing criminal proceedings which implicate important state interests in that he is actively challenging the order reinstating his state Judgment of Sentence. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court on this issue. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

## III.   CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of

reason would not find the disposition of this case debatable. Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Petitioner from appealing the order dismissing his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals. *See* FED. R. APP. P. 22(b)(1), (2).

A separate Order will enter.